IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER HUTCHINSON & DAVID HUTCHINSON, W/H, | : CIVIL ACTION : : |
| *Plaintiffs*, | : : |
| v. | : No. 18-cv-2588 : |
| STATE FARM FIRE & CASUALTY CO., | : : : |
| *Defendant*. | : : : |

**Goldberg, J.**                                         January 28, 2019

### Memorandum Opinion

Currently pending before me is the Motion to Remand filed by Plaintiffs Heather and David Hutchinson. For the following reasons, the Motion will be granted and the case will be remanded to the Court of Common Pleas for Montgomery County.

### I.     FACTUAL BACKGROUND

According to the facts set forth in the Complaint, Plaintiffs purchased a homeowners' insurance policy from Defendant, State Farm Fire & Casualty Company, on July 29, 2015. (Compl. ¶¶ 8–9, ECF No. 1.) On June 19, 2017, while the policy was in effect, Plaintiffs' living room ceiling collapsed, causing physical damage in the amount of $24,711.11. (Id. ¶¶ 10, 52–53.) Upon assessing the damage, Defendant denied Plaintiffs' claim on August 25, 2017. (Id. ¶¶ 12–21.) The Complaint alleges that Defendant's denial of Plaintiffs' claim was a breach of contract, demanding damages in the amount of $24,711.11, plus costs and interest (Count One). (Id. ¶¶ 44–53.) The Complaint further alleges that Defendant's denial constituted bad faith under Pennsylvania's Insurance Bad Faith Statute, 42 Pa. Cons. Stat. § 8371, demanding

1

"compensatory and punitive damages, together with interest, attorney's fees, court costs, and such other relief as the Court deems appropriate" (Count Two). (Id. ¶¶ 54–60.)

Plaintiff, Heather Hutchinson, filed her Complaint in the Court of Common Pleas of Montgomery County on January 17, 2018.[1] The Complaint cover sheet listed the "Amount in Controversy" as "more than $50,000." (Id.) On April 24, 2018, Defendant sent its "Requests for Admissions" to Plaintiffs. (Pls.' Mot. Remand Ex. A, ECF No. 11-2.) On May 23, 2018, Plaintiffs responded to Defendant's "Requests for Admissions." (Id. Ex B, ECF No. 11-3.) Request Number Three stated: "The total actual damages, punitive damages, consequential damages, or any other damages set forth in Plaintiffs['] Complaint, being sought in this suit exceed Seventy[-]Five Thousand Dollars ($75,000)." (Pls.' Mot. Remand Ex. A at 4.) Plaintiffs responded: "ANSWER: Denied. Plaintiff's actual damages do not exceed $75,000.00. However, once punitive damages, interest, and attorneys' fees are factored in, the total damages could very well exceed $75,000.00. Plaintiff, however, cannot be certain, as is generally the case where [42] PA. CONS. STAT. § 8371 is at issue." (Pls.' Mot. Remand Ex. B at 4.)

On June 20, 2018, Defendant removed the case to this Court, based on an assertion that there was diversity between the parties and the amount in controversy exceeded the $75,000 threshold. On July 19, 2018, Plaintiffs filed their Motion to Remand, arguing that Defendant's removal of this action was untimely because Defendant has known that the amount in controversy exceeded the $75,000 threshold since Plaintiff filed her Complaint on January 17, 2018.

---

[1] Plaintiff, David Hutchinson, was added to this action on May 22, 2018 as a Resident Relative because he is married to Plaintiff Helen Hutchinson. (Pls.' Mot. Remand ¶ 13.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of a plaintiff's service of the complaint upon the defendant. 28 U.S.C. § 1446(b). A defendant bears the burden of establishing that removal jurisdiction is proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Because proceeding in a case without valid subject matter jurisdiction would make any decree in the case void, removal statutes are strictly construed and all doubts are resolved in favor of remand. Id.

## III. DISCUSSION AND ANALYSIS

Plaintiffs argue that Defendant's removal of this action was untimely because Defendant has known that the amount in controversy exceeded the $75,000 threshold since Plaintiff filed her Complaint on January 17, 2018. (Pls.' Mot. Remand at 3, ECF No. 11.) Defendant responds that it did not know whether the amount in controversy exceeded the $75,000 threshold "with legal

3

certainty" until Plaintiffs responded to the "Requests for Admissions" on May 23, 2018. (Def.'s Resp. ¶ 4, ECF No. 12.) I agree that Defendant should have known in January of 2018 that the amount in controversy exceeded the statutory threshold. Accordingly, Plaintiffs' Motion for Remand will be granted.

"A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Steel Valley Auth. v. Union Switch Div., 809 F.2d 1006, 1010 (3d Cir. 1987). "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Id. (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (alteration in original)).

"When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." Minissale v. State Farm Fire & Cas. Co., 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013) (citing Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)). "Moreover, in calculating the amount in controversy, we must consider potential attorney's fees." Id. (citing Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997)). Further, "[i]t is undisputed that punitive damages and attorneys' fees are available under 42 PA. CONS. STAT. ANN. § 8371 and there is no cap on the amount that can be recovered." Id.

"The temporal focus of the court's evaluation of whether the plaintiff could conceivably prevail on its claim is on the time that the complaint was filed." Suber, 104 F.3d at 583. Courts have found that the amount in controversy exceeds the $75,000 threshold where a plaintiff is able to recover a specified amount of damages, plus punitive damages and attorney's fees under 42 PA. CONS. STAT. § 8371. For example, a plaintiff stated a claim for more than $75,000 by alleging

$53,315 in actual damages under the breach of contract claim and a bad faith claim seeking damages "in excess of $50,000 together with interest and costs." Minissale, 988 F. Supp. 2d at 477. By way of further example, the amount in controversy exceeded $75,000 where the plaintiff alleged "$28,682.41 in individual compensatory damages in the form of unpaid insurance benefits" and sought "individual punitive damages under Pennsylvania's bad faith insurance statute." Papurello v. State Farm Fire & Cas. Co., 144 F. Supp. 3d 746, 753 (W.D. Pa. 2015). Plaintiffs' case is analogous to these cases because Plaintiffs pled a certain amount of actual damages pursuant to a breach of contract claim (i.e., $24,711.11) and punitive damages under Pennsylvania's Bad Faith Insurance Statute.

Defendant urges me to find that it could not have known the damages to a "legal certainty" until receiving Plaintiffs' responses to the "Requests for Admissions." While Defendant cites Bishop v. Sam's E., Inc., No. CIV.A. 08-4550, 2009 WL 1795316, at *1 (E.D. Pa. June 23, 2009) to support this proposition, Bishop is distinguishable because the plaintiff in Bishop demanded damages for a single negligence claim "in a sum in excess of Fifty Thousand Dollars ($50,000), plus costs." Here, Plaintiff pled the specified damage amount of $24,711.11, plus costs and interest for a breach of contract claim, as well as damages pursuant to Pennsylvania's Insurance Bad Faith Statute. (Compl. ¶¶ 53, 60.) Defendant further cites to Dunfee v. Allstate Ins. Co., No. CIV.A. 08-CV-01425, 2008 WL 2579799, at *1 (E.D. Pa. June 26, 2008) and McGhee v. Allstate Ins. Co., No. CIV.A.05-1813, 2005 WL 2039181, at *3 (E.D. Pa. Aug. 22, 2005). These cases are also distinguishable because the plaintiff in Dunfee and McGhee pled a breach of contract claim demanding judgment "in an amount not in excess of $50,000" and a bad faith claim under 42 PA. CONS. STAT. § 8371, demanding punitive damages in "an amount not in excess of $50,000." Id. Unlike the plaintiffs in Dunfee and McGhee, Plaintiffs here have pled the specified amount of

$24,711.11 in actual damages for a breach of contract claim, as well as punitive damages under Pennsylvania's Bad Faith Insurance Statute without capping the amount.[2]

Because Defendant should have known that the amount in controversy exceeded the $75,000 threshold on January 17, 2018, when Plaintiffs filed the Complaint, I find that Defendant's removal to this Court is untimely under 28 U.S.C. § 1446(b).

## IV. CONCLUSION

For the foregoing reasons, I conclude that the Plaintiffs' Motion to Remand should be granted, and the case remanded to the Pennsylvania Court of Common Pleas for Montgomery County.

An appropriate Order follows.

---

[2] Defendant has also cited to two cases that are only available on ECF. However, these cases are also distinguishable. See Long v. Allstate Ins. Co., No. 05-cv-5266 (E.D. Pa. Oct. 13, 2005) (ECF No. 3) (requesting damages for breach of contract "not in excess of $50,000" and under 42 PA. CONS. STAT. § 8371 "not in excess of $50,000"); Ofori v. Allstate Ins. Co., No. 05-5163 (E.D. Pa. Oct. 14, 2015) (ECF No. 6) (same). Defendant has further cited to Wash v. State Farm Fire & Cas. Co., No. 91-4438 (E.D. Pa. 1991) (ECF No. 6), which is an unpublished decision that is unavailable on either ECF or Westlaw.